Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: tstilley@sussmanshank.com
tsolomon@sussmanshank.com

Attorneys for Beall Corporation

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Beall Corporation,<br>Debtor. | Case No. 12-37291-elp11 |
| Beall Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>H.W. Metal Products, Inc.,<br><br>Defendant. | Adversary Proceeding No. _______________<br><br>COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 USC § 547 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 USC § 550 AND RECOVER PREFERENTIAL TRANSFERS |

Beall Corporation ("Plaintiff" or the "Debtor") files this complaint (the "Complaint") to avoid and recover transfers made by the Debtor to H.W. Metal Products, Inc. ("Defendant"), and in support thereof alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of

property that occurred during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy proceedings, pursuant to 11 USC §§ 547 and 550.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, or arises in, and relates to a case under Title 11, pursuant to 28 USC §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are Sections 547 and 550 of the United States Code, 11 USC §§ 101-1532 (the "Bankruptcy Code"), and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 USC § 157(b)(2) and the Court may enter final orders for matters contained herein.

5. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. Venue is proper in the District of Oregon pursuant to 28 USC §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

7. On September 24, 2012 (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.

8. On July 18, 2013, the Debtor filed the Debtor's Second Amended Plan of Liquidation [Docket No. 447] (the "Plan").

9. On September 18, 2013, the Court confirmed the Plan and entered the



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Order Confirming Debtor's Second Amended Plan of Liquidation [Docket No. 485] (the "Confirmation Order").

10. Pursuant to the Plan, general unsecured creditors of the Debtors are impaired and will not be paid in full.

11. The Debtor retained all claims and causes of action, including all Avoidance Actions, including those asserted herein, under the Plan and Confirmation Order.

## THE PARTIES

12. The causes of action set forth herein are being prosecuted in accordance with the Plan, Confirmation Order, and any other applicable requirements.

13. The Debtor is authorized to commence this suit pursuant to the Plan and brings this action in accordance with the requirements of the Plan pursuant to the Confirmation Order.

## FACTUAL BACKGROUND

14. Prior to the Petition Date, the Debtor manufactured and sold trailers and other products.

15. The Debtor maintained business relationships with various business entities, including Defendant, through which the Debtor regularly purchased, sold, received, and/or delivered goods and services.

16. As a trailer manufacturer and seller, the Debtor regularly purchased goods from various entities including vendors, creditors, suppliers, and distributors. The Debtor also regularly paid for services used to facilitate its business operations.

17. During the ninety (90) days before the Petition Date, that is between June 25, 2012 and September 24, 2012 (the "Preference Period"), the Debtor continued to operate its business affairs, and made certain payments and other transfers of property, either by checks, cashier checks, wire transfers, ACH transfers, direct



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

deposits, or otherwise to certain entities.

18. During the course of their relationship, the Debtor and Defendant entered into agreements, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements").

19. The Debtor and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

20. As identified in the Agreements, the Debtor purchased goods and/or services from Defendant.

21. Plaintiff has completed an analysis of all readily available information in its possession and seeks to avoid the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period.

22. Plaintiff has determined that the Debtor made one or more avoidable transfers of interests of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments in an amount of not less than $67,615.70 (the "Transfers").

23. The Transfers include, but are not limited to, the following payments:

| Date | Amount |
|---|---|
| 7/18/12 | $28,648.34 |
| 7/30/12 | $14,032.08 |
| 8/22/12 | $24,935.28 |

24. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period, or that one or more of the Transfers listed in the preceding paragraph was for a different amount than the amount stated. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

original Complaint to include: (i) further information regarding the Transfer(s), including modification and revision of the amounts, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, and (iv) additional defendants (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

25. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code Section 547(c), for which Defendant bears the burden of proof under Section 547(g).

**CLAIMS FOR RELIEF**
**COUNT I**
**(Avoidance of Preference Period Transfers - 11 USC § 547)**

26. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

27. Each Transfer was made to Defendant by Debtor.

28. Each Transfer constituted a transfer of an interest in property of the Debtor.

29. Defendant was a creditor at the time of each Transfer by virtue of supplying goods and/or services identified in the Agreements to the Debtor for which the Debtor was obligated to pay following delivery in accordance with the Agreements.

30. Each Transfer was to or for the benefit of a creditor within the meaning of 11 USC § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

31. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

being paid by the Debtor.

32. Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 USC § 547(f).

33. Each Transfer was made during the Preference Period.

34. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case was under Chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

35. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 USC § 547(b).

**COUNT II**
**(Recovery of Avoided Transfers - 11 USC § 550)**

36. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

37. Plaintiff is entitled to avoid the Transfers pursuant to 11 USC § 547(b).

38. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

39. Pursuant to 11 USC § 550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

//



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I and II, that the Court enter a judgment against Defendant:

a. That the Transfers avoidable under 11 USC § 547 in the total aggregate amount of not less than $67,615.70 be avoided;

b. That the Transfers, to the extent that they are avoided pursuant to 11 USC § 547, be recovered by Plaintiff pursuant to 11 USC § 550;

c. That judgment be entered against Defendant in an amount not less than $67,615.70 (the “Judgment");

d. Awarding pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of Judgment herein;

e. Awarding post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

f. Requiring Defendant to pay forthwith the Judgment amount awarded in favor of Plaintiff; and

g. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated this 24th day of March, 2015.

SUSSMAN SHANK LLP

*/s/ Timothy A. Solomon*

By ____________________________________

Thomas W. Stilley, OSB No. 883167
Timothy A. Solomon, OSB No. 072573
Attorneys for Plaintiff

***08441-057\COMPLAINT (H. W. METALS) (02071983);1**



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130